IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WESLEY RHATIGAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | NO. CIV-05-0654-HE |
| | ) | |
| JUSTIN JONES,[1] | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Petitioner Wesley Rhatigan, a state prisoner appearing pro se, instituted this action pursuant to 28 U.S.C. § 2241 seeking a writ of habeas corpus. In his petition Mr. Rhatigan challenges a disciplinary conviction for possession of contraband – a soda can with a small metal tube struck through it which had a strong marijuana small. The conviction resulted in the revocation of earned credits and other punishment.

Consistent with 28 U.S.C. §636(b)(1)(B) and (C), the matter was referred to Magistrate Judge Valerie K. Couch, who has issued her Report and Recommendation recommending that the petition be denied. She concluded that because the petitioner had a liberty interested created by state law in earned good time credits, he was entitled to due process protection before his credits were revoked. The process required was afforded, she found, as the petitioner was given advance written notice of the disciplinary charge, had the opportunity to present witnesses and documentary evidence, was provided with a written statement of the evidence relied on and the reasons for the disciplinary action taken, and some evidence supported the conviction.

---

[1] Justin Jones has been substituted for Ron Ward, who retired from his position as Director of the Oklahoma Department of Corrections. See Fed.R.Civ.P. 25(d)(1).

The petitioner filed an objection, asserting that he was improperly charged. He contends that under Department of Corrections ("DOC") regulations the misconduct report should not have been issued because the offense involved drugs and the presence of an illegal substance was not confirmed by laboratory testing. The DOC regulations cited by the petitioner do not support his argument.[2] To the extent the petitioner is contending that the conviction was unconstitutional because it was not supported by "some evidence," the court concurs with Magistrate Judge Couch that the due process standard has been satisfied.[3]

Having conducted a de novo review, the court concurs with Magistrate Judge Couch that the petitioner was afforded the process to which he was due. Accordingly, the court adopts Magistrate Judge Couch's Report and Recommendation and denies the petition for writ of habeas corpus.

---

[2]*OP-030134 pertains to chemical abuse testing of inmates, not substances taken from their cells. Neither it nor the other regulation cited by the petitioner, OP-060125 (or Attachment A to it: Acts Constituting Rule Violation, §§ 09-2, 09-3), require laboratory testing before an offense report may be issued.*

[3]*In his habeas petition the petitioner claimed the soda can was not properly tagged as evidence, that chain of custody for the evidence was not established, and that a field test was not conducted to determine if the confiscated material was contraband. He did not reassert those arguments in his objection to the Report and Recommendation.*

**IT IS SO ORDERED**.

Dated this 18th day of November, 2005.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE